UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL V. MOONEY,

    Plaintiff,

v.                                                          Case No. 1:12-CV-267

ROBERT SUTHERLAND,                      HON. GORDON J. QUIST

    Defendant.
_____/

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

    Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983, and Defendant has filed a motion to dismiss. On August 20, 2013, Magistrate Judge Hugh Brenneman filed a Report and Recommendation (R & R), recommending that this Court grant Defendant's motion to dismiss. On September 15, 2013, Plaintiff filed objections to the R & R.

    Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.*

    As discussed in the R & R, Plaintiff previously filed a lawsuit against Defendant, *Mooney v. Caruso, et al.*, 1:11-cv-187 (W.D. Mich.) ("*Mooney I*"). In that case, the court granted summary judgment on the grounds that Plaintiff had failed to exhaust his claim and that the claim failed on the merits. (*Mooney I*, dkt. no. 35.) Shortly thereafter, Plaintiff filed the instant action, which alleges the same claim against Defendant as that asserted in *Mooney I*. Defendant filed a motion

to dismiss the complaint based on the doctrine of res judicata.  The R & R recommends that the Court grant this motion because all the elements for res judicata are satisfied.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979).  Res judicata applies if the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).  As the R&R thoroughly explains, the elements of res judicata are satisfied.

Plaintiff objects to the R & R on four grounds.  Plaintiff argues that (1) he was permitted to re-file an action once his administrative remedies were exhausted; (2) he is entitled to discovery; (3) summary judgment is inappropriate before the conclusion of discovery; and (4) facts alleged in an affidavit submitted by Defendant in *Mooney I* are untrue.

In his first objection, Plaintiff fails to recognize that his claim was previously dismissed on the merits, and is thus barred by res judicata.  In *Mooney I*, the Court granted summary judgment on the merits of Plaintiff's claim, and entered judgment in favor of Defendant. (*Mooney I*, dkt. no. 35.)  Thus, Plaintiff may not re-file that claim in a subsequent action.

In his remaining objections, Plaintiff ignores the doctrine of res judicata.  Because Plaintiff may not litigate his claim in this action, he is not entitled to discovery.  Similarly, the Court may not determine the veracity of an affidavit filed in the previous action.

After reviewing the R & R and Plaintiff's objections, the Court will overrule Plaintiff's objection and adopt the R & R as the opinion of the Court.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 20, 2013 (dkt. no. 28) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (dkt. no. 21) is **GRANTED**.

A separate judgment will enter.


Dated:  September 10, 2013                   /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE